
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CERISSA BROWN,                    *

    PLAINTIFF,                    *

VS.                              *    CASE NO.: 2:18-cv-499-UJB-LSC

                                         *

SHIPT,

                                         *

    DEFENDANT.

## DEFENDANT SHIPT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant identified in the Summons and Complaint as "SHIPT" ("SHIPT" or the "Defendant") and files this Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff Cerissa Brown ("Plaintiff").

In response to the individually numbered paragraphs of the Complaint, Defendant shows the Court as follows:

## I.    JURISDICTION

1.    Defendant admits that this is an action for injunctive relief and damages brought pursuant to the referenced statutes, but denies that Plaintiff has standing or grounds to pursue any of the claims in the Complaint. Defendant

denies that Plaintiff requires protection for or redress from the deprivation of her rights, and further denies any violation of the referenced statutes that may otherwise merit injunctive relief or damages.

2.      Defendant admits that Plaintiff has invoked the jurisdiction of this Court pursuant to the referenced statutes.  Defendant denies that this suit was properly authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991 or 42 USC § 2000e, et seq.  Defendant denies that the invocation of this Court's jurisdiction is necessary to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender discrimination.

3.      Defendant does not dispute the dates upon which the charge of discrimination or this lawsuit were filed, but denies all remaining material allegations of this paragraph, including but not limited to the allegation that Defendant engaged in any discriminatory act.

4.      Defendant does not dispute the dates upon which the charge of discrimination or this lawsuit were filed, but denies all remaining material allegations of this paragraph, including but not limited to the allegation that Defendant engaged in any discriminatory act.

## II. PARTIES

5.      Upon information and belief, admitted.

6.      Defendant denies that it is properly identified as "Shipt". Defendant admits that it is registered and doing business in the State of Alabama and employed at least fifteen (15) persons during the current or preceding calendar year.

## III. STATEMENT OF FACTS

7.      Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

8.      Admitted.

9.      Denied. Plaintiff was hired as an Experience Team member.

10.     Admitted.

11.     Admitted.

12.     Denied.

13.     Upon information and belief, admitted.

14.     Defendant admits that Pruitt and Brown had another meeting on or about March 23, 2017. Defendant denies the remaining allegations of this paragraph.

15.     Denied.

16.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

17.     Admitted.

18.     Upon information and belief, admitted.

19.     Upon information and belief, admitted.

20.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

21.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

22.     Admitted.

23.     Admitted.  However, Ms. Arrington's title was and remains Director of People.

24.     Upon information and belief, denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.    Admitted.

29.    Defendant admits that on or around March 13, 2017, it announced to the Experience Team that, as the result of the company's growth, it could no longer guarantee that employees would have regularly occurring consecutive days off.

30.    Denied.

31.    Defendant employed Marisa Dodson.

32.    Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

33.    Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

34.    Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

35.    Denied.

36.    Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

37. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

38. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

39. Admitted.

40. Defendant admits that Plaintiff made complaints concerning purported discrimination based on sexual harassment and retaliation in her April 7, 2017 Charge, but denies the substance of those allegations.

41. Defendant admits that Andrew Pruitt was terminated on or about April 7, 2017, but denies that it occurred as a result of Plaintiff filing her April 7, 2017 Charge.

42. Denied.

43. Admitted.

44. Denied.

45. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

46.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

47.     Denied.

48.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

49.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

50.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

51.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

52.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

53.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

54.     Denied.

55.     Defendant admits that Horry got on top of a desk, but denies the remaining allegations of this paragraph.

56.     Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

57.     Admitted.

58.     Admitted.

59.     Defendant admits that Plaintiff reported Horry's alleged conduct, but denies that any inappropriate conduct occurred.

60.     Defendant admits that it asked Plaintiff to work from home to minimize her contact with Horry during its investigation of Plaintiff's complaints.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted.  Defendant employed Keith Jeffrey Smith.

65.     Admitted, although Mr. Smith's title was Senior Vice President.

66.     Admitted.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Defendant admits that the purpose of the referenced meeting included a discussion of its investigation into Horry's alleged conduct.

72.     Admitted.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Admitted.

82.     Admitted.

83.    Denied.

84.    Admitted.

85.    Upon information and belief, admitted.

86.    Admitted.

87.    Upon information and belief, admitted.

88.    Admitted.

89.    Denied.

90.    Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

91.    Denied.

92.    Admitted.

93.    Upon information and belief, admitted.

94.    Defendant admits that on or about June 24, 2017, Plaintiff asked Jenny Rodgers a question regarding the Experience Team's attendance policy, because Brown was allegedly not feeling well and wanted to take the day off, but denies the remaining allegations of this paragraph.

95.    Denied.

96. Defendant admits that Plaintiff stated she would come in to work, but denies the remaining allegations of this paragraph.

97. Admitted.

98. Denied. Henderson's title was Overnight Experience Manager.

99. Denied.

100. Denied.

## IV. COUNT ONE - Sexual Harassment

101. Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

102. Denied. Plaintiff was hired as an Experience Team member.

103. Admitted.

104. Admitted.

105. Denied.

106. Upon information and belief, admitted.

107. Defendant admits that Pruitt and Brown had another meeting on or about March 23, 2017. Defendant denies the remaining allegations of this paragraph.

108. Denied.

109. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

110. Admitted.

111. Upon information and belief, admitted.

112. Upon information and belief, admitted.

113. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

114. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

115. Admitted.

116. Admitted.  However, Ms. Arrington's title was and remains Director of People.

117. Upon information and belief, denied.

118. Denied.

119. Denied.

120. Denied.

121.   Admitted.

122.   Defendant admits that on or around March 13, 2017, it announced to the Experience Team that, as the result of the company's growth, it could no longer guarantee that employees would have regularly occurring consecutive days off.

123.   Denied.

124.   Defendant employed Marisa Dodson.

125.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

126.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

127.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

128.   Denied.

129.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

130. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

131. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

132. Admitted.

133. Defendant admits that Plaintiff made complaints concerning purported discrimination based on sexual harassment and retaliation in her April 7, 2017 Charge, but denies the substance of those allegations.

134. Admitted.

135. Denied.

136. Denied.

## V.    COUNT TWO - Retaliation - Scheduling

137. Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

138. Defendant admits that Plaintiff reported [Anthony] (sic) Pruitt's alleged conduct to Maria Arrington but denies that such reporting occurred on March 24, 2017.

139. Denied.

140. Denied.

141. Denied.

142. Admitted.

143. Defendant admits that on or around March 13, 2017, it announced to the Experience Team that, as the result of the company's growth, it could no longer guarantee that employees would have regularly occurring consecutive days off.

144. Denied.

145. Defendant employed Marisa Dodson.

146. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

147. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

148. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

149. Denied.

150.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

151.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

152.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

153.   Admitted.

154.   Defendant admits that Plaintiff made complaints concerning purported discrimination based on sexual harassment and retaliation in her April 7, 2017 Charge, but denies the substance of those allegations.

155.   Denied.

156.   Denied.

## VI.   COUNT THREE - ADA - Failure to Promote

157.   Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

158. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

159. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

160. Denied.

161. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

162. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

163. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

164. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

165.  Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

166.  Denied.

167.  Defendant admits that Horry got on top of a desk, but denies the remaining allegations of this paragraph.

168.  Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

169.  Defendant admits that Plaintiff reported Horry's alleged conduct, but denies that any inappropriate conduct in fact occurred.

170.  Defendant admits that it asked Plaintiff to work from home to minimize her contact with Horry during its investigation of Plaintiff's complaints.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Admitted.

175.  Defendant admits that the purpose of the referenced meeting included a discussion of its investigation into Horry's alleged conduct.

176.  Admitted.

177.  Denied.

178.  Denied.

179.  Denied.

180.  Denied.

181.  Denied.

182.  Denied.

183.  Denied.

184.  Denied.

185.  Denied.

186.  Admitted.

187.  Admitted.

188.  Denied.

189.  Admitted.

190.  Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

191.    Defendant admits that on or about June 24, 2017, Plaintiff asked Jenny Rodgers a question regarding the Experience Team's attendance policy, because Brown was allegedly not feeling well and wanted to take the day off.

192.    Denied.

193.    Defendant admits that Plaintiff stated she would come in to work, but denies the remaining allegations of this paragraph.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

## VII.    COUNT FOUR - Sex - Failure to Promote

199.    Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

200.    Admitted.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205. Denied.

206. Denied.

207. Admitted.

208. Admitted.

209. Denied.

210. Admitted.

211. Admitted.

212. Admitted.

213. Upon information and belief, admitted.

214. Admitted.

215. Denied.

216. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

217. Denied.

218. Admitted.

219. Upon information and belief, admitted.

220. Denied.

221. Denied.

222.   Denied.

## VIII.  COUNT FIVE - Retaliation - Failure to Promote

223.   Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

224.   Upon information and belief, denied.

225.   Denied.

226.   Denied.

227.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

228.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

229.   Denied.

230.   Admitted.

231.   Defendant admits that Plaintiff made complaints concerning purported discrimination based on sexual harassment and retaliation in her April 7, 2017 Charge, but denies the substance of those allegations.

232. Defendant admits that Andrew Pruitt was terminated on or about April 7, 2017, but denies that it occurred as a result of Plaintiff filing her April 7, 2017 Charge.

233. Denied.

234. Denied.

235. Denied.

236. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

237. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

238. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

239. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

240.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

241.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

242.   Denied.

243.   Defendant admits that Horry got on top of a desk, but denies the remaining allegations of this paragraph.

244.   Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

245.   Admitted.

246.   Defendant admits that Plaintiff reported Horry's alleged conduct, but denies that any inappropriate conduct in fact occurred.

247.   Defendant admits that it asked Plaintiff to work from home to minimize her contact with Horry during its investigation of Plaintiff's complaints.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Admitted.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Defendant admits that the purpose of the referenced meeting included a discussion of its investigation into Horry's alleged conduct.

257.   Admitted.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Defendant admits that on or about June 24, 2017, Plaintiff asked Jenny Rodgers a question regarding the Experience Team's attendance policy, because Brown was allegedly not feeling well and wanted to take the day off.

262.   Denied.

263.   Defendant admits that Plaintiff stated she would come in to work, but denies the remaining allegations of this paragraph.

264.   Denied.

## IX. COUNT SIX - Retaliatory Hostile Work Environment

265. Defendant hereby incorporates by reference its responses and defenses contained in the preceding paragraphs as if set forth fully herein.

266. Upon information and belief, denied.

267. Denied.

268. Denied.

269. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

270. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

271. Denied.

272. Admitted.

273. Defendant admits that Plaintiff made complaints concerning purported discrimination based on sexual harassment and retaliation in her April 7, 2017 Charge, but denies the substance of those allegations.

274. Defendant admits that Andrew Pruitt was terminated on or about April 7, 2017, but denies that it occurred as a result of Plaintiff filing her April 7, 2017 Charge.

275. Denied.

276. Denied.

277. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

278. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

279. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

280. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

281. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

282. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

283. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

284. Denied.

285. Defendant admits that Horry got on top of a desk, but denies the remaining allegations of this paragraph.

286. Defendant is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies the same and demands strict proof thereof.

287. Admitted.

288. Defendant admits that Plaintiff reported Horry's alleged conduct, but denies that any inappropriate conduct in fact occurred.

289. Defendant admits that it asked Plaintiff to work from home to minimize her contact with Horry during its investigation of Plaintiff's complaints.

290. Denied.

291. Denied.

292. Denied.

293. Admitted.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

298. Defendant admits that the purpose of the referenced meeting included a discussion of its investigation into Horry's alleged conduct.

299. Admitted.

300. Denied.

301. Denied.

302. Denied.

303. Defendant admits that on or about June 24, 2017, Plaintiff asked Jenny Rodgers a question regarding the Experience Team's attendance policy, because Brown was not feeling well and wanted to take the day off.

304. Denied.

305. Defendant admits that Plaintiff stated she would come in to work, but denies the remaining allegations of this paragraph.

306. Denied.

## X.    PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Section X of her Complaint entitled "Prayer for Relief".  Defendant further requests that all claims against it in this case be dismissed with prejudice, and that Defendant be awarded its attorney's fees and costs associated with this action as allowed by Paragraph 18 of Plaintiff Brown's Employment Covenant's Agreement.  Defendant respectfully requests such other and different relief as the Court deems appropriate.

To the extent not specifically admitted, Defendant denies each and every allegation contained in the Complaint, including Plaintiff's Prayer for Relief.

## ADDITIONAL AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for her failure to satisfy administrative prerequisites and/or to file within the applicable statute of limitation.

## THIRD DEFENSE

To the extent Plaintiff has failed to take reasonable steps to mitigate her claimed damages, the existence of which is expressly denied, her claims are barred in whole or in part.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and lawfully with respect to Plaintiff, and any actions taken by Defendant were for legitimate, non-discriminatory, non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not act with malice or reckless indifference to Plaintiff's protected rights and made

reasonable, good faith efforts to comply with applicable law, and any unlawful conduct was contrary to such reasonable, good faith efforts.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any harassing or otherwise unlawful behavior, and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid the harm alleged in the Complaint. Furthermore, the facts alleged by Plaintiff do not establish that Defendant is vicariously liable for harassment or other acts attributable to Plaintiff's supervisor(s).

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the fact that Defendant established procedures reasonably designed, implemented, and enforced to be effective in preventing and detecting unlawful conduct such as that alleged by Plaintiff.

## NINTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, because any unlawful or other wrongful acts, if any, taken by Defendant's officers, directors or employees were outside the scope of their authority and such acts, if any, were not authorized,

ratified or condoned by Defendant, and Defendant did not know and/or should not have known of such conduct.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff consented to any activity or conduct alleged in the Complaint.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, and any recovery on Plaintiff's Complaint, or any proposed cause of action alleged therein, may be barred or limited to the extent that Defendant discovers after-acquired evidence which independently justified any alleged adverse employment actions taken toward Plaintiff.

## TWELFTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, by the doctrine of judicial estoppel.

## THIRTEENTH DEFENSE

Plaintiff's claims are not based upon any protected conduct.

## FOURTEENTH DEFENSE

Plaintiff lacks standing to bring her claims.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on her claims.

## SIXTEENTH DEFENSE

Plaintiff's employment was at-will and was subject to termination at any time by Plaintiff or Defendant.

## SEVENTEENTH DEFENSE

Defendant's employment practices are job-related and consistent with business necessity.

## EIGHTEENTH DEFENSE

Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act.

## NINETEENTH DEFENSE

Defendant is entitled to reimbursement of its attorneys fees and costs of litigation from Plaintiff in the event Defendant is the prevailing party pursuant to paragraph 18 of the Employment Covenants Agreement executed by Plaintiff.

## TWENTIETH DEFENSE

Defendant has and had in place a strong, officially-promulgated, and user-friendly policy against discrimination to prevent and promptly correct any such behavior. Thus, to the extent Plaintiff is able to prove that she was subjected to

discrimination or retaliation, which Defendant denies, Defendant cannot be held vicariously liable because of its good-faith efforts to ensure compliance with the anti-discrimination and anti-retaliation laws.

## TWENTY-FIRST DEFENSE

Defendant implemented reasonable measures to prevent and correct discrimination, but Plaintiff unreasonably failed to promptly report the conduct about which Plaintiff now complains.

## TWENTY-SECOND DEFENSE

To the extent that Plaintiff has suffered any damages, any actions by Defendant were neither the actual nor proximate cause of those claimed damages.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent they exceed the scope of her administrative charge(s) of discrimination.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent they involve alleged discrimination occurring before the applicable statute of limitations period.

## TWENTY-FIFTH DEFENSE

Defendant denies that race, sex, disability or gender was a factor in any of the employment decisions at issue and further denies that it discriminated against

Plaintiff in any manner whatsoever; however, to the extent that the fact finder determines otherwise, Defendant states that it would have made the same decisions absent the alleged impermissible motive.

## TWENTY-SIXTH DEFENSE

The claims against Defendant are frivolous, vexatious, and without foundation, and were brought for the sole purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its costs and attorney's fees pursuant to 28 U.S.C. § 1927.

## TWENTY-SEVENTH DEFENSE

Plaintiff's recovery or relief, if any, including but not limited to back pay, front pay, and/or reinstatement, should be barred or otherwise limited by Plaintiff's alleged threats of physical violence against a co-worker and commission of other similarly culpable behavior.

## TWENTY-EIGHTH DEFENSE

Defendant reserves the right to assert such other affirmative defenses as they become appropriate as discovery in this matter continues.

WHEREFORE, having fully answered and defended the Complaint, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice with all fees and costs of this litigation cast upon Plaintiff.

Respectfully submitted,

/s/ H. Spence Morano
H. Spence Morano ASB-0614-H52M
Joe L. Leak      ASB-5124-A63J
LEAK, DOUGLAS & MORANO, PC
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: smorano@leakdouglas.com
Email: jleak@leakdouglas.com

*Attorneys for Defendant Shipt*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2018, a copy of the foregoing pleading and Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt to the parties at the addresses listed below.

/s/ H. Spence Morano
OF COUNSEL

cc:
Kira Fonteneau, Esq.
Allen D. Arnold, Esq.
Angelica Agee, Esq.
Fonteneau & Arnold, LLC
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Suite 205
Birmingham, AL 35205
*Attorneys for Plaintiff*